1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

MATTHIAS RICHARD MEDERER,

　　　　　Plaintiff,

　　v.

ACCESS CAPITAL INVESTMENT FUND
TWO, LP, et al.,

　　　　　Defendant.

Case No. 21-cv-09699-LB

**ORDER REASSIGNING CASE;
REPORT AND RECOMMENDATION
TO DISMISS FIRST AMENDED
COMPLAINT**

Re: ECF Nos. 2 and 7

**INTRODUCTION**

Plaintiff Matthias R. Mederer, who represents himself, sued defendants Access Capital

Investment Fund Two, LP, SN Servicing Corporation, Prestige Default Services, LLC, U.S. Bank

Trust National Association as Trustee for Chalet Series III Trust and Lodge Series III Trust, Wells

Fargo Bank, Steven Wang, Michelle Ghidotti, and William A. Fogleman, claiming that they

fraudulently induced him into entering a loan agreement that resulted in the foreclosure of his home.[1]

The plaintiff filed the original complaint and an application to proceed in forma pauperis under 28

U.S.C. § 1915 on December 16, 2021.[2] The plaintiff then filed a First Amended Complaint on

---

[1] First Am. Compl. (FAC) – ECF No. 7 at 2, 4. Citations refer to material in the Electronic Case file (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl. – ECF No. 1; Appl. – ECF No. 2.

ORDER; REPORT AND RECOMMENDATION – No. 21-cv-09699-LB

December 22, 2021.[3] The undersigned ordered the plaintiff to provide additional information by submitting an amended application or a supplement that provided the balance of his bank account by January 24, 2022, or, make the $402 filing fee.[4] The January 24 deadline has passed, and the plaintiff did not file a sufficient amended application or pay the filing fee. Additionally, defendant Wells Fargo Bank filed a motion to dismiss on January 24, 2022.[5]

Under *Williams v. King*, the case must be reassigned because defendant Wells Fargo Bank has not consented to the undersigned's jurisdiction.[6] 875 F.3d 500, 503–05 (9th Cir. 2017). The court directs the Clerk of Court to reassign the case to a district judge and recommends dismissal of the case for failing to file a sufficient amended application to proceed in forma pauperis and for the plaintiff's failure to establish subject-matter jurisdiction.

## STATEMENT

The plaintiff alleges that Wells Fargo's predecessor, World Savings Bank, intentionally misrepresented the terms of the subject loan and induced him to enter the loan agreement.[7] The plaintiff asserts that he "wasn't able to understand the written English language[,]" and therefore signed the loan documents without "know[ing] what he was signing[.]"[8] The terms of the loan were — according to the plaintiff — "set to fail," which led to the defaulting of the loan and subsequent foreclosure.[9] The plaintiff also filed an incomplete financial affidavit that noted a Bank of America account but failed to indicate the balance of the account.[10] The court directed him to identify the balance of the account by "filling out a new form application or by submitting a

---

[3] FAC – ECF No. 7.

[4] Order – ECF No. 9.

[5] Mot. – ECF No. 13.

[6] Declination – ECF No. 11.

[7] FAC – ECF No. 7 at 4–5.

[8] *Id.* at 7.

[9] *Id.* at 2.

[10] Appl. – ECF No. 2 at 3.

supplement to the application" or to pay the $402 filing fee by January 24, 2022.[11] While the plaintiff submitted two Bank of America account statements, the statements themselves do not establish that the plaintiff is entitled to proceed in forma pauperis because the plaintiff has not attested that these are his only accounts.[12]

## ANALYSIS

### 1. IFP Affidavit

"Under 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action IFP if it is satisfied that the plaintiff cannot pay the filing fees necessary to pursue the action." *La Douer v. U.C.S.F.*, No. 15-cv-02214-MEJ, 2015 WL 4323665, at *2 (N.D. Cal. July 15, 2015) (citing 28 U.S.C. § 1915(a)(1)). "The policy for allowing a plaintiff to proceed IFP is to protect litigants from abandoning 'what may be a meritorious claim in order to spare himself complete destitution.'" *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 340 (1948)). "However, 'court permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process.'" *Id.* (internal brackets omitted) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984)).

"To determine IFP eligibility, an applicant must 'submit an affidavit that includes a statement of all assets' showing that the applicant 'is unable to pay such fees or give security therefor.'" *Id.* (internal brackets omitted) (quoting 28 U.S.C. § 1915(a)(1)). "To satisfy this requirement, 'an affidavit of poverty is sufficient which states that one cannot because of his or her poverty pay or give security for costs and still be able to provide himself and dependents with the necessities of life.'" *Id.* (internal brackets and ellipsis omitted) (quoting *Adkins*, 335 U.S. at 339). "The Ninth Circuit has held that a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (cleaned up) (quoting *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015)). "The Court has discretion to make a factual inquiry into an IFP applicant's

---

[11] Order – ECF No. 9 at 2.

[12] Bank of Am. Acct. Statements – ECF No. 17.

financial status and to deny the application where the applicant is unable or unwilling to verify his or her poverty." *Id.* (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). Courts have denied IFP status where plaintiffs have provided incomplete information about their financial status or failed to clearly disclose their income and assets. *See id.* at *2–3 (citing cases).

Here, the plaintiff identified a bank account but did not say what was in it.[13] While the plaintiff subsequently submitted statements for two Bank of America accounts showing an aggregate balance of $100.01 in December, 2021, the plaintiff did not submit any additional declaration establishing that these are his only bank accounts.[14] Because the plaintiff did not file an amended application or a supplemental declaration and has not paid the $402 filing fee, the case can be dismissed on grounds that the plaintiff failed to establish that he is entitled to proceed in forma pauperis.

## 2.  Sua Sponte Screening — 28 U.S.C. § 1915(e)(2)

Notwithstanding the foregoing, a complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private

---

[13] Appl. – ECF No. 2 at 3.

[14] Bank of Am. Acct. Statements – ECF No. 17 at 1, 3 (The account ending 2023 shows a balance of $124.51 as of December 9, 2021 and the account ending 7338 shows a negative balance of $24.50 as of December 17, 2021.).

1    resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs

2    of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

3        "Frivolousness" within the meaning of the in forma pauperis standard of 28 U.S.C. § 1915(d)

4    and failure to state a claim under Rule 12(b)(6) are distinct concepts.

5        "'A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.'"

6    *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325). The definition of

7    frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual

8    allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as

9    "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "'the unusual power to pierce the

10   veil of the complaint's factual allegations,'" meaning that the court "is not bound, as it usually is

11   when making a determination based solely on the pleadings, to accept without question the truth

12   of the plaintiff's allegations." *Denton*, 504 U.S. at 32 (quoting *Nietzke*, 490 U.S. at 327). Frivolous

13   claims include "'claims describing fantastic or delusional scenarios, claims with which federal

14   district judges are all too familiar.'" *Id.* (quoting *Nietzke*, 490 U.S. at 328). "An in forma pauperis

15   complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations

16   unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged

17   rise to the level of the irrational or the wholly incredible, whether or not there are judicially

18   noticeable facts available to contradict them." *Id.* As the Ninth Circuit has explained, frivolous

19   litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person

20   with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that

21   are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp*., 500 F.3d 1047,

22   1060–61 (9th Cir. 2007).

23       Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint

24   if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint

25   include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a

26   motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

27   claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned

28   up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain

United States District Court
Northern District of California

"detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

The plaintiff "bears the burden of establishing subject matter jurisdiction." *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). The plaintiff in this case has not met this burden. First, the plaintiff has not alleged federal question jurisdiction. While the plaintiff references the federal Truth In Lending Act in claim seven, this is insufficient to establish federal question jurisdiction because the plaintiff primarily relies on California's Unfair Competition Law and cites the

United States District Court
Northern District of California

California Business and Professions Code.[15] *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim."). Furthermore, when an "unfair competition claim is based on violations of federal statutes governing lending, then the unfair competition claim is preempted because to hold otherwise would allow a plaintiff to obtain a remedy under state law that does not exist under federal law." *Reyes v. Premier Home Funding, Inc.*, 640 F. Supp. 2d 1147, 1155–56 (N.D. Cal. 2009).

Concerning diversity jurisdiction, the plaintiff has not alleged complete diversity or affirmatively alleged the citizenship of each party.[16] In fact, the plaintiff alleged that he resides in California and that several defendants are also located in California.[17] Thus, the plaintiff has not established the existence of diversity jurisdiction. *Yould v. Barnard*, No. 5:18-CV-01255-EJD, 2018 WL 4105094, at *1 (N.D. Cal. Aug. 29, 2018) ("'Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties' in order to confirm that all parties are diverse.") (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).

The plaintiff's failure to establish subject-matter jurisdiction constitutes an independent basis to dismiss the complaint.

## CONCLUSION

The court directs the Clerk of Court to reassign the case to a district judge and recommends dismissal of the complaint for two separate reasons. First, the plaintiff failed to establish that he is entitled to proceed in forma pauperis. Second, the plaintiff has not satisfied his burden to establish subject-matter jurisdiction. Any party may serve and file specific written objections to this

---

[15] FAC – ECF No. 7 at 12.

[16] *Id.* at 2–3.

[17] *Id.*

United States District Court
Northern District of California

1   recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C);

2   Fed. R. Civ. P. 72(b)(2); N.D. Cal. L.R. 72-3. Failure to file written objections within the specified

3   time may waive the right to appeal the district court's order.

4       **IT IS SO ORDERED.**

5       Dated: February 4, 2022

6

7                                                LAUREL BEELER
                                                 United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28